UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IRENE CORNUE,
                       Plaintiff,

v.                                                    5:10-CV-1239
                                                    (GTS/DEP)
WELCH-ALLYN INC.,
                       Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

TADDEO & SHAHAN, LLP                  STEVEN C. SHAHAN, ESQ.
  Counsel for Plaintiff
Empire Building
472 South Salina Street, Suite 700
Syracuse, NY 13202

BOND, SCHOENECK & KING, PLLC     JAMES P. WRIGHT JR., ESQ.
  Counsel for Defendant                         LAURA H. HARSHBARGER, ESQ.
One Lincoln Center
Syracuse, NY 13202-1355

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this employment discrimination action filed by Irene Cornue ("Plaintiff") against Welch-Allyn, Inc. ("Defendant"), are Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 4), and Plaintiff's cross-motion to amend her Complaint (Dkt. No. 7). For the reasons set forth below, Defendant's motion to dismiss is granted in part and denied in part without prejudice to refiling in state court; Plaintiff's federal claims are dismissed with prejudice; Plaintiff's cross-motion to amend is granted; and this action is remanded to the New York State Supreme Court, Onondaga County.

I.     **RELEVANT BACKGROUND**

    A.     **Procedural History**

Plaintiff originally filed her Complaint in this action on June 24, 2010, in New York State Supreme Court, Onondaga County. (Dkt. No. 1.) However, on October 15, 2010, Defendant removed that action to this Court. (*Id*.)

    B.     **Plaintiff's Claims**

Generally, liberally construed, Plaintiff's Complaint alleges as follows. (*See generally* Dkt. No. 1, Ex. A.) Plaintiff was a female, 49-year-old, employee of Defendant at its Skaneateles office. Plaintiff had been an employee of Defendant's Skaneateles office for approximately 22 years and had received promotions, bonuses and good performance reviews during her employment. In 2006, Defendant closed its San Diego, California, office and transferred employee Donna Dungin to work at the Skaneateles office. Ms. Dungin and Plaintiff shared an amiable friendship outside the workplace until sometime in 2008. During 2008, Ms. Dungin allegedly began harassing Plaintiff by calling her constantly and following her.

On one occasion, Plaintiff was allegedly overheard laughing about Ms. Dungin, which prompted Defendant to investigate her for violating the company's "kind and true" policy; however, nothing more was done regarding the possible violation. Plaintiff proceeded to file a report about Ms. Dungin at the New York State Police barracks, and brought to the attention of Defendant a harassing voice mail message, which had been left on her work phone by Ms. Dungin. Defendant stated that there was nothing that it could do to remedy the situation. The alleged harassment by Ms. Dungin continued in 2009 and culminated in an altercation in the women's restroom at Defendant's Skaneateles office.

On June 19, 2009, Plaintiff went to the women's restroom at the end of the day. Ms. Dungin was already in the restroom. Plaintiff originally waited for Ms. Dungin to leave before exiting her stall, but then gave up and attempted to leave the restroom. Ms. Dungin allegedly became irate and blocked the exit. Ms. Dungin allegedly hit Plaintiff in the chest and ripped off her necklace; then Plaintiff allegedly shoved Ms. Dungin and left the restroom. Defendant subsequently terminated both Ms. Dungin and Plaintiff for violation of their zero-tolerance-for-workplace-violence policy. Defendant had allegedly allowed other male employees involved in violent workplace altercations to retain their jobs.

Based on these (and other) factual allegations, Plaintiff's Complaint asserts that between June 18, 2009, and June 19, 2009, at Defendant's place of business in Skaneateles, New York, Defendant subjected Plaintiff to discrimination by terminating her based on her age and gender. More specifically, Plaintiff's Complaint asserts the following three claims: (1) a claim that Defendant violated her rights under New York State law by allowing Plaintiff's co-worker, Donna Dungin, to harass her in the work place, which created a hostile work environment; (2) a claim that Defendant violated her rights under the constitutions of the State of New York and the United States to be free from discrimination based on gender by terminating her because of a violation of Defendant's zero-tolerance-for-workplace-violence policy when male employees had previously violated the same policy and retained their jobs; and (3) a claim that Defendant violated her rights under the constitutions of the State of New York and the United States, and the Age Discrimination in Employment Act of 1967, to be free from discrimination based on age by using Plaintiff's violation of Defendant's zero-tolerance-for-workplace-violence policy as a pretext to terminate Plaintiff, a 49-year-old employee. (*Id.*) Familiarity with the factual

allegations in Plaintiff's Complaint supporting these claims is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id.*)

### C.     Parties' Motions

Generally, in support of its motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, Defendant argues as follows: (1) Plaintiff's claim that she was subjected to a hostile work environment should be dismissed because she has failed to allege facts plausibly suggesting that she was subjected to such hostility because she is a member of a protected class; (2) Plaintiff's claim of gender discrimination should be dismissed because (a) she has failed to exhaust available administrative remedies before bringing suit, (b) she has failed to allege facts plausibly suggesting that male employees, in similar situations, were not terminated, (c) she has failed to allege facts plausibly suggesting that Defendant is a state actor, (d) and the New York State Constitution does not provide relief for gender discrimination in the workplace; and (3) Plaintiff's age discrimination claim should be dismissed because (a) she has failed to file a charge with the appropriate administrative agency before filing her Complaint, (b) she has failed to allege facts plausibly suggesting that Defendant is a state actor, and (c) the New York State Constitution does not provide relief for age discrimination in the workplace. (*See generally* Dkt. No. 4 [Def.'s Memo. of Law].)

In Plaintiff's response to Defendant's motion to dismiss, and in support of her cross-motion to amend, she admits that her hostile work environment and federal civil rights claims cannot be maintained, but argues her state law claims may be maintained, once they are asserted in an Amended Complaint which amendment should be freely given and would result in the

necessity of a remand to state court. (*See generally* Dkt. No. 7 [Decl. of Plf.'s Council].)[1]

In its response to Plaintiff's cross-motion to amend, Defendant argues that three of Plaintiff's four proposed amended claims are futile, because those three claims would not survive a motion to dismiss for failure to state a claim. (*See generally* Dkt. No. 8 [Def.'s Resp. Memo. of Law].)[2]

In her reply, Plaintiff argues that the three claims in question are not futile because the damages she seeks are not exclusively covered by New York State Workers' Compensation Law and would thus survive a motion to dismiss. (*See generally* Dkt. No. 11 [Decl. of Plf.'s Council].)[3]

---

[1]   The Court notes that Plaintiff's cross-motion to amend fails to "identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means," as required by Local Rule 7.1(a)(4) of the Local Rules of Practice for this Court. Moreover, in support of her response and cross-motion, Plaintiff did not file a memorandum of law, as required by Local Rule 7.1(a)(1). (*See generally* Dkt. No. 7.) Instead, Plaintiff filed only a Declaration. (*Id.*) What is worse, that Declaration contains, *inter alia*, legal argument, in violation of Local Rule 7.1(a)(2). (*See, e.g.*, Dkt. No. 7, Attach. 1, ¶¶ 2-4, 11, 13-21.) Ordinarily, the Court would not consider this Declaration. *See, e.g., Duttweiler v. Eagle Janitorial, Inc.*, 05-CV-0886, 2009 WL 5171834, at *3 (N.D.N.Y. Dec. 22, 2009) (Suddaby, J.) (striking affidavit of counsel because [1] it was not based on personal knowledge of events giving rise to action and [2] it contained legal argument); *accord, Duttweiler v. Eagle Janitorial, Inc.*, 05-CV-0886, 2009 WL 1606351, at *2-3 (N.D.N.Y. June 4, 2009) (Suddaby, J.); *Road Dawgs Motorcycle Club of the U.S., Inc. v. 'Cuse Road Dawgs, Inc.*, 679 F. Supp.2d 259, 281-82 & n.54 (N.D.N.Y. 2009) (Suddaby, J.). However, in the interest of expediency, the Court will overlook these procedural violations.

[2]   The Court notes that, rather than combining its response to Plaintiff's cross-motion with its reply on its motion to dismiss, as is required by Local Rule 7.1(c), Defendant separately filed the two documents. (Dkt. Nos. 8, 9.) Furthermore, rather than file a memorandum of law in support of its reply on its motion to dismiss, Defendant filed a Declaration containing legal argument, in violation of Local Rule 7.1(a)(1),(2). (Dkt. No. 9.) Ordinarily, the Court would disregard Defendant's Declaration. However, again, in the interest of expediency, the Court will overlook these procedural violations.

[3]   The Court reminds Plaintiff that a "cross-moving party may not reply in further support of its cross-motion without the Court's prior permission," which prior permission

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Dismiss for Failure to State a Claim

For the sake of brevity, the Court will not recite, in this Decision and Order, the well-known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will direct the reader to the Court's decision in *Wade v. Tiffin Motorhomes, Inc.*, 05-CV-1458, 2009 WL 3629674, at *3-5 (N.D.N.Y. Oct. 27, 2009) (Suddaby, J.).

### B. Legal Standard Governing Motions to Amend Pleadings

The decision whether to grant a motion to amend a complaint lies within the discretion of the Court. Fed. R. Civ. P. 15(a). Granting leave to amend a complaint "'shall be freely given when justice so requires.'" *Forman v. Davis,* 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P. 15[a]). Leave to amend a complaint should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Forman,* 371 U.S. at 182, 83; *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.,* 101 F.3d 263, 271-72 [2d Cir. 1996]).

## III. ANALYSIS

### A. Parties' Motions as They Pertain to Plaintiff's Federal Claims

As stated above in Part I.C. of this Decision and Order, Defendant seeks the dismissal of Plaintiff's claims for the following three reasons: (1) Plaintiff has failed to allege facts plausibly suggesting that she was subjected to workplace hostility because she is a member of a protected

---

Plaintiff did not receive in this case. N.D.N.Y. L.R. 7.1(c). This is particularly true where, as here, the cross-motion is non-dispositive in nature. N.D.N.Y. L.R. 7.1(b)(2) ("**Reply papers [on non-dispositive motions] . . . are not permitted without the Court's prior permission**.") [emphasis in original].

6

class; (2) Plaintiff failed to exhaust available administrative remedies before bringing suit, she failed to alleged facts plausibly suggesting that male employees, in similar situations, she did not lose their jobs, Defendant is not a state actor, and the New York State Constitution does not provide relief for gender discrimination in the workplace; and (3) Plaintiff did not follow appropriate administrative procedure before filing a complaint, Defendant is a state actor and New York State Constitution does not provide relief for age discrimination in the workplace.  In her response in opposition to Defendant's motion to dismiss, Plaintiff admits that she has not alleged any viable federal claims.

In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).[4]

Here, after carefully considering the matter, the Court finds that Defendant has satisfied this lightened burden, for the reasons stated in its memorandum of law.  As a result, Plaintiff's claims arising under federal law are dismissed with prejudice.

### B. Parties' Motions as They Pertain to Plaintiff's State Law Claims

As stated above in Part I.C. of this Decision and Order, Plaintiff seeks to amend her Complaint because, although none of her original claims are viable, her state law claims are

---

[4] *Cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

viable, as asserted in her Amended Complaint. In response, Defendant argues that three of the four claims set forth in the proposed Amended Complaint are futile.

The Court certainly understands Defendant's request that the Court rule on the pleading sufficiency of Plaintiff's three proposed state law negligence claims before granting her leave to amend her Complaint. However, two factors weigh against the Court's doing so, under the circumstances. First, Defendant admits that Plaintiff's fourth state law claim (i.e., her claim under New York State Executive Law § 296[a][1]) is not futile. For the reasons discussed below, this admission essentially results in the Court's remanding of that claim to state court. Second, the Court finds that the state court is better suited to rule on the issues presented by the parties with regard to Plaintiff's three proposed state law negligence claims (e.g., whether Plaintiff has, through those claims, sufficiently asserted loss-of-employment claims that are somehow not barred by New York State Workers' Compensation Law § 29[6]). For these reasons, the Court simultaneously denies without prejudice Defendant's motion to dismiss to the extent it challenges the pleading sufficiency of those three state law negligence claims, and grants Plaintiff permission to file her proposed Amended Complaint. The Court hastens to add, however, that no portion of this Decision and Order is intended to constitute a ruling, either express or implied, as to the pleading sufficiency of Plaintiff's three negligence claims.

With regard to Plaintiff's argument that the Court should remand this action to state court, a district court may decline to exercise supplemental jurisdiction where the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3) (2011). Declining to exercise supplemental jurisdiction is discretionary, not mandatory. *See Valencia ex rel. Franco v. Lee,* 316 F.3d 299 (2d Cir. 2003); *Kolari v. New York-Presbyterian Hosp.,* 455 F.3d 118 (2d Cir. 2006). After carefully considering the matter, the Court declines to exercise supplemental jurisdiction over this case and remands it to state court.

ACCORDINGLY, it is

ORDERED that Defendant's motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. No. 4) is **GRANTED** in part and **DENIED** in part without **prejudice to refiling in state court**, as discussed above in Part III of this Decision and Order; and it is further

ORDERED that Plaintiff's federal claims are **DISMISSED** with prejudice; and it is further

ORDERED that Plaintiff's cross-motion to amend her Complaint (Dkt. No. 7) is **GRANTED**; and it is further

ORDERED that Plaintiff's proposed (and signed) Amended Complaint (Dkt. No. 7, Attach. 1, at 6-19) is accepted for filing, and the Clerk of the Court is directed to file it as such; and it is further

ORDERED that this action is **REMANDED** to New York State Supreme Court, Onondaga County. The Clerk of the Court is directed to forward a copy of this Decision and Order to the clerk for the Onondaga County Supreme Court.

Dated: November 2, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge